# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

DEBRAH LUMPKINS and STEVE LUMPKINS,

    Plaintiffs,

vs.

BALBOA INSURANCE COMPANY and MERRIT PLAN INSURANCE COMPANY,

    Defendants.

Case No.11-CV-12-TCK-FHM

## REPORT AND RECOMMENDATION

Defendants' Motion to Dismiss, [Dkt. 6], has been referred to the undersigned United States Magistrate Judge for report and recommendation. The undersigned RECOMMENDS that the Motion to Dismiss be GRANTED.

## Background

Plaintiffs are seeking to recover insurance proceeds and damages for bad faith on an insurance policy issued by Defendant Meritplan Insurance Company to non-party GMAC Mortgage, the mortgage holder on Plaintiffs' manufactured home. GMAC Mortgage secured the policy to protect its interest in the manufactured home because Plaintiffs did not procure insurance for it. Non-party GMAC Mortgage, LLC is listed as the named insured on the declarations page. [Dkt. 6-1, p. 3]. In addition to listing GMAC Mortgage LLC as the named insured, the Notice of Lender-Placed Insurance lists Plaintiff Deborah Lumpkins as the Borrower and lists the Described Location as 9250 South 42585 Rd, Inola, Ok. [Dkt. 6-2, p. 4].

In their Complaint Plaintiffs state that they maintained a Homeowners' Insurance Policy with Defendants on the property located at 9250 S. 42585, Inola, Oklahoma.

Plaintiffs state they sustained a loss to their home resulting from a water leak. The policy to which Plaintiffs refer is the one mentioned above. Plaintiffs state that they put Defendants on notice of their claim, that Defendants retained the services of an independent adjuster, and Plaintiffs obtained the services of a restoration company to return their residence to a pre-loss condition. Plaintiffs state that Defendants failed to pay for the entirety of the repairs. Plaintiffs allege that Defendants have breached the contract and violated the duty of good faith and fair dealing.

## Standard of Review

The Supreme Court has recently reiterated the standard to be applied in considering a motion to dismiss a complaint pursuant to Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, _ U.S. _, 129 S.Ct. 1937, 1949, 173, L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This plausibility standard is short of probability but requires more than the sheer possibility that defendant has engaged in misconduct. *Id*. That a court must accept plaintiff's allegations as true does not apply to legal conclusions, and recitals of the elements of a cause of action supported by conclusory statements will not suffice. *Id*. Further, in addition to the allegations contained in the complaint, the court may consider attached exhibits and documents incorporated into the complaint, so long as the parties

do not dispute the documents' authenticity. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir.2009).

## **Analysis**

Defendants seek dismissal of Plaintiffs' complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Defendants assert that Plaintiffs are not parties to the subject insurance policy. As a result, they argue that Plaintiffs cannot recover either for breach of contract or for bad faith. Further, Defendants assert that Defendant Balboa Insurance Company is not a party to the insurance policy, so it cannot be liable to Plaintiffs.

In response, Plaintiffs argue that they are third party beneficiaries to the contract of insurance purchased by the lender for their home and therefore they can assert claims for breach of contract and for bad faith. They state that the following policy language recognizes a benefit to them as borrowers which establishes the policy is a third party beneficiary contract:

> 13. Loss Payment. WE[1] will adjust each LOSS with YOU and will pay YOU. If the amount of LOSS exceeds YOUR insurable interest, the BORROWER may be entitled, as a simple loss payee only, to receive payment for any residual amount due for the LOSS, . . . .Other than the potential right to receive such payment, the BORROWER has no rights under the Residential Property Form.

[Dkt. 17] (capitalization in original). Alternatively, they assert that it is an open question under Oklahoma law as to whether borrowers like themselves are third party

---

[1] According to the Definitions in the Insuring Agreement and the terms of the Declarations Page and the Notice of Insurance, YOU means the named insured (GMAC Mortgage, LLC), WE means the company that underwrote the insurance (Meritplan Insurance Company), and BORROWER means the person identified on the Notice of Insurance (Deborah Lumpkins). [Dkt. 6-1, pp. 3, 13; Dkt. 6-2, p. 4].

beneficiaries under a force-placed[2] insurance contract. Plaintiffs ask to have the question certified to the Oklahoma Supreme Court.

Plaintiffs also assert that as further evidence that they are third party beneficiaries under the insurance policy, they were actually paid some benefits and, in a document called the Adjuster Summary, Meritplan Insurance listed them as the insured. According to Plaintiffs, this raises a fact question as to whether Plaintiffs were the insured or were third party beneficiaries who can maintain an action for breach of contract and for bad faith. Plaintiffs also assert that they received correspondence on the letterhead of Defendant Balboa Insurance Company, which they claim makes Balboa liable for the alleged bad faith of Defendant Meritplan.

In reply Defendants focus on the clause in the Loss Payment provision quoted by Plaintiffs which states: "Other than the potential right to receive such payment, the BORROWER has no rights under the [Manufactured Home Form]."[3] They argue that this provision signifies the intent of the parties to the policy, GMAC Mortgage, LLC, and Meritplan Insurance Company, to only incidentally benefit Plaintiffs. Defendants argue that although a contract made for the benefit of a third party may be enforced by the third party, 15 Okla. Stat. §29, "a third party who is benefitted only incidentally by the performance of such a contract acquires no rights against the promisor or the promisee, and cannot maintain an action thereon." *Lynn v. Rainey*, 400 P.2d 805, 814 (Okla.

---

[2] The term "force-placed" refers to the fact that the insurance on the home was procured by Plaintiff's mortgage holder, GMAC Mortgage, not by Plaintiffs. [Dkt. 17, p. 3].

[3] Plaintiffs cited a different policy form, the Residential Property Fire Insurance Form. [Dkt. 6-1, pp. 7-12]. Defendants assert that the correct form is the Manufactured Home Fire Insurance Form. [Dkt. 6-1, pp. 13-18]. Regardless of which form is the correct one, except for the words identifying the form, the provisions are identical.

4

1964). Defendants also assert that the court should not consider the affidavit of Plaintiff Debrah Lumpkins, the Adjuster Summary that purports to name Plaintiffs as insureds, or the correspondence from GMAC and Meritplan as these materials are not properly considered in a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6).

Plaintiffs did not attach the subject insurance policy to their complaint. However, the undersigned finds that the Policy documents attached to Defendant's brief, [Dkt. 6-1, 6-2], are properly considered in connection with this motion to dismiss because the documents are central to Plaintiffs' claims and the parties do not dispute their authenticity. *See Jacobsen v. Deseret Book Company*, 287 F.3d 936, 941 (10th Cir. 2002) (a court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity), *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)(same). *See also May v. Mid-Century Ins. Co.*, 151 P.3d. 132, 139 n.30 (Okla. 2006)(when Plaintiff fails to attach a pertinent document on which it solely relies and which is integral to the complaint, Defendant may introduce the document in the motion to dismiss and the court may consider the document without converting the motion to one for summary judgment). The undersigned finds that the Notice of Lender-Placed Insurance, [Dkt. 6-2, p. 4], is properly considered because that document also forms part of the insurance contract, as it contains pertinent information specifically referred to in the definitions portion of the Manufactured Home Fire Insurance Form. [Dkt. 6-1, p. 13]. Plaintiff's affidavit, correspondence from GMAC Mortgage, Balboa Insurance, Meritplan Insurance, and the Adjuster Summary are matters outside of the pleadings and have not been considered in connection with the motion to dismiss. Fed. R. Civ. P. 12(d).

Insurance policies are contracts and are interpreted as a matter of law and therefore the question of interpretation is one for the court. The parties to the contract are bound by policy terms, and when policy provisions are unambiguous and clear, the language employed in the contract is accorded its ordinary, plain meaning and the contract is enforced carrying out the parties' intentions as expressed in the policy. *BP America, Inc. v. State Auto Property & Casualty Ins. Co.*, 148 P.3d 832, 835-36 (Okla. 2005)(outlining well-settled standards for insurance contract construction).[4] An insurance policy may be written so as to benefit a third party and may be enforced by the third party so long as the contract has not been rescinded. 15 Okla. Stat. § 29. The determining factor is the intent of the contracting parties, as reflected in the contract in question. The contract must provide the answer to whether the third party is to receive a benefit which might be enforced in court. *Shebester v. Triple Crown Insurers*, 974 F.2d 135, 138 (10th Cir. 1992)(construing Oklahoma law regarding third-party beneficiary insurance contract). A third party beneficiary contract exists if the proceeds of an insurance policy are payable to a third party. *Id*. (citing *Roach v. Atlas Life Ins. Co.*, 769 P.2d 158, 161 (Okla. 1989).

In the instant case Plaintiffs are not parties to the insurance policy. The policy clearly states: "We insure YOU for LOSS." [Dkt. 6-1, p. 14]. "We" is defined as the company underwriting the insurance, and "YOU" is defined as the "NAMED INSURED" shown under item 1 on the "DECLARATIONS PAGE." [Dkt. 6-1, p. 13]. The

---

[4] Since this case is grounded on diversity jurisdiction, the court is obligated by the *Erie* doctrine to apply the substantive law of the forum state, in this case Oklahoma, but federal procedural law is applied. *Scottsdale Ins. Co. v. Tolliver*, 636 F.3d 1273, 1277 (10th Cir. 2011).

Declarations Page reflects that GMAC Mortgage, LLC is the Named Insured. [Dkt. 6-1, p. 3]. Plaintiffs have not pointed to any language within the policy that would indicate they are parties to the contract. As a result they cannot maintain an action against the insurer, except as a third-party beneficiary.

The undersigned finds that the policy language evinces no intention on the part of the parties to the contract to confer on Plaintiffs a benefit enforceable in court and therefore the Plaintiffs are not third-party beneficiaries of the policy. The policy provides: "WE will adjust each LOSS with YOU and will pay YOU." [Dkt. 6-1, p. 17 ¶13]. The language is clear that the parties did not intend that benefits would be directly payable to Plaintiff: "If the amount of LOSS exceeds YOUR insurable Interest, the BORROWER may be entitled, as a simple loss payee only, to receive payment for any residual amount due for the LOSS . . . . Other than the potential right to receive such payment, the BORROWER has no rights under the Manufactured Home Form." *Id*. This language expresses the clear intention to exclude the Plaintiff/Borrowers from having any rights to enforce under the policy. The policy also provides: "No change may be made to any provision of the Manufactured Home Form except by written endorsement issued by US. No other written or oral changes will be valid." [Dkt. 6-1, p. 18 ¶18]. This provision indicates the parties intended to be bound only by the specific terms set forth in the policy.

The undersigned rejects Plaintiffs' contention that this case presents a novel question under Oklahoma law. The result in this case is clearly governed by the Oklahoma Supreme Court's pronouncement in *May v. Mid-Century Ins. Co.*, 151 P.3d 132 (Okla. 2006). In *May* the Oklahoma Supreme Court considered whether a

condominium owner had a claim against the condominium association's insurer when the policy of insurance was issued to the condominium association. The owner was not named as an insured but the owner claimed that she was a third party beneficiary of the policy because she paid a portion of the premium, the policy covered her property, and the policy allowed the insurer to adjust the loss and to pay benefits directly to her. The Supreme Court granted certiorari to "settle the law applicable to the case by crafting a precedential pronouncement." *Id*. at 136.

The *May* Court stated:

> The contract's **expressed intent to confer** solely on Insurer the power to regard all contractual obligations due under the policy as extending to the named insured **specifically negates the existence of any enforceable obligation** in favor of unit owners *qua* third-party beneficiaries. **No obligation may be imposed upon a promissor in favor of a third party if the contract expressly relieves the promissor of such liability to that third party.** It is crystal clear by the terms of the policy in suit that the parties to the policy– Insurer and Association– did not intend to confer on any third-party unit owner a legally enforceable right of recovery against Insurer.

151 P.3d at 140-141. (bold emphasis in original). The Court concluded that since the policy expressly withheld from the condominium owner any claim to an enforceable obligation against the Insurer, the owner was therefore "**contractually deprived of any right to assert a bad-faith tort claim against the insurer.**" *Id.* at 141. (bold emphasis in original). As a result, the Court said that even if the owner were found to be a third party beneficiary, that would not be helpful to her recovery in a bad-faith claim, "because under the policy in suit she has no right to recover against the Insurer." *Id.* at 142.

The *May* precedent entirely determines the outcome of the instant motion. In this case, as in *May*, the Plaintiff is not a named insured. The Court rejected the contention that the owner could maintain an action as a third-party beneficiary even though the policy in *May* gave the insurer the option to settle covered losses directly with the unit owners or with the Association for the account of the unit owners. *Id*. at 140. In the present case, the policy does not contain even that option. The policy expressly states that the insurer will adjust the loss with the insured (GMAC Mortgage) and will pay the insured. [Dkt. 6-1, p. 17 ¶ 13]. The instant policy merely recognizes the *potential* that the borrower (Plaintiff) may receive some of the insurance proceeds then it specifically states, "[o]ther than the potential right to receive such payment, the BORROWER has no rights under the [policy]." *Id*. The language in this case is thus more explicit than the policy language in *May*. The language here is "crystal clear" that the parties to the contract did not intend to confer a legally enforceable right on the borrower/ Plaintiff. As a result, like in *May*, the Plaintiffs are contractually deprived of any right to assert a claim against the insurer.[5] Since Plaintiffs have no right to proceed against the insurer, Meritplan, they likewise may not proceed against the parent company, Balboa

---

[5] The Court in *Simpson v. Balboa Ins. Co.*, 2009 WL 1291275 (S.D. Miss.) reached the same conclusion under similar circumstances. Balboa Insurance issued a property insurance policy on the Plaintiff's property which was purchased by the mortgage lender because Plaintiff failed to secure insurance as required by the mortgage instruments. Damage to the property was caused by Hurricane Katrina. Some insurance proceeds for damages were paid to the lender. Plaintiff claimed he was entitled to the benefits of the policy and sought to recover benefits and for damages resulting from bad faith. Plaintiff contended that although he was not a named insured, he was a third-party beneficiary and that he could become an additional insured under the terms of the policy. Applying Mississippi law concerning third-party beneficiary contracts, the Court concluded that any benefit to Plaintiff under the contract would be only incidental which was insufficient to confer third-party beneficiary status.

Insurance. The case must therefore be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim that is plausible on its face.

## Conclusion

The undersigned United States Magistrate Judge RECOMMENDS that Defendants' Motion to Dismiss, [Dkt. 6], be GRANTED and this case be dismissed.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before September 26, 2011.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 12th day of September, 2011.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE